IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09CV432-03-MU

| | |
|---|---|
| JONATHAN HENSLEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| SERGEANT ALBERT TODD, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed December 1, 2009 (Document No. 1) and Plaintiff's Motion to Appoint Counsel (Doc. No. 2.)

Plaintiff names Sergeant Albert Todd, Nurse Robinson, Unit Manager Keith Turner, Disciplinary Hearing Officer James Johnson, Appeals Officer Hattie Pimpong and Superintendent Sid Harkleroad as Defendants. Plaintiff contends that the Defendants violated his Constitutional rights by punishing him due to his physical disability and seeks a declaratory injunction, a permanent injunction and $6,000.00 in damages from each Defendant.

Specifically, Plaintiff contends that on August 14 and 15, 2009 Sergeant Todd directed that Petitioner perform extra work which he explained he could not perform due to the severe back pain he was experiencing. Petitioner was sentenced to 60 days in solitary confinement for his refusal to follow Sergeant Todd's order. Petitioner contends that Nurse Robinson told Sergeant Todd that she reviewed Plaintiff's medical chart and that there was no documented reason that he could not work. Nurse Robinson gave the same information to the investigating officers. Mr. Henslee argues that

1

his medical file contains a diagnosis of scoliosis which clearly supports the back pain he experienced and also contradicts Nurse Robinson's statement to Sergeant Todd and the investigating officers.

Plaintiff also argues that disciplinary officer James Johnson refused to allow him to provide his medical documents during his hearing which supports his contention that he has a diagnosis of scoliosis and would have been sufficient to dismiss both of his disciplinary infractions. He argues that he appealed the disciplinary findings and sent Ms. Hattie Pimpong "enough medical documents to contradict Nurse FNU Robinson statement, Ms. Pimpong disregarded the documentary evidence and stated it's a medical issue, and forwarded [the] petition to Dr. Paula Smith.." Plaintiff argues that Ms. Pimpong and Officer Johnson are in violation of his due process rights.

**Appointment of Counsel**

Plaintiff has requested that this Court appoint him counsel to assist him with prosecuting his case. Appointment of counsel under § 1915(e)(1) in cases brought under 42 U.S.C. § 1983 is discretionary. Whisenant v. Yuan, 739 F.2d 160, 163 (4th Cir. 1984). Counsel should be appointed in "exceptional circumstances." Id.; Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). The existence of "exceptional circumstances" depends upon two factors: type and complexity of case and ability of pro se litigant to present case. Whisenant, 739 F.2d at 163. The Court notes that this is not an exceptional case warranting the appointment of counsel.

## ANALYSIS

As an initial matter, the Court notes that while Defendants Keith Turner, Unit D Manager; Patricia McEntire, Unit E Manager; and Sid Harkleroad, Superintendent are listed as Defendants in the caption of the case, there are no factual allegations against any of these Defendants in the body of the Complaint. Therefore, there can be no individual liability as to these Defendants.

Any claim against Mr. Harkleroad, Superintendent of Marion Correctional, therefore can only be construed as claim under a theory of supervisory liability. However, the Court notes, that the doctrine of respondeat superior is generally inapplicable to § 1983 suits. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Additionally there is no allegation that Mr. Harkleroad instituted any official policy that any other defendant was following which caused Plaintiffs alleged constitutional deprivation. Therefore, there is no basis upon which to attach supervisory liability to Mr. Harkelroad. Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir. 1982).

The only theory upon which to attach supervisory liability to Mr. Harkleroad then is if Mr. Harkleroad acted with deliberate indifference to the acts of his subordinates. A higher official may be liable for acts of his subordinates if (1) the official is actually or constructively aware of pervasive, unreasonable risk of harm from a specified source, (2) the official is deliberately indifferent to that risk, and (3) there exists an affirmative causal link between the supervisors inaction and the constitutional injury. Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999).

Here, there is no allegation that Mr. Harkleroad had knowledge of any "pervasive, unreasonable risk of harm." The allegations in the complaint simply do not establish that Mr. Harkelroad knew of any unreasonable risk to Plaintiff. Therefore, Plaintiff failed to state a claim against Mr. Harkleroad. For the reasons stated herein, Defendants Harkelroad, McEntire and Turner are dismissed.

**Cruel and Unusual Punishment Claim**

Petitioner claims that Sergeant Todd and Nurse Robinson subjected him to cruel and unusual punishment. With respect to Sergeant Todd, Plaintiff contends that Sergeant Todd directed him to

3

perform extra work. When Plaintiff explained that he could not perform the extra work, Sergeant Todd wrote him up for disobeying a lawful order. Plaintiff concedes that Officer Todd contacted medical in response to his complaint that he could not perform the extra work due to back pain. Nurse Robinson explained that there were no work restrictions in Plaintiff's medical file that prohibited him from the work assigned.

Courts use the Eighth Amendment to scrutinize the treatment a prisoner receives in prison and the conditions of confinement. To prove cruel and unusual punishment in violation of the Eighth Amendment, Plaintiff must satisfy a two prong test that has both an objective and a subjective component. The first prong, which is an objective inquiry, asks whether the deprivation alleged is "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298 (1991). The inmate must be denied "the minimal civilized measure of life's necessities," id., and the deprivation must violate contemporary notions of decency. Rhodes v. Chapman, 452 U.S. 337 (1981). The second prong, requires the inmate to demonstrate that the prison officials acted with at least deliberate indifference toward his or her need. Farmer, 511 U.S. at 834. This subjective prong requires more than negligent conduct. Instead, deliberate indifference exists when a prison official "knows of and disregards an excessive risk to inmate health or safety. Id., at 835-37.

Here, Plaintiff is essentially complaining that Sergeant Todd forced him to work despite his complaint that he was in severe back pain. The Court takes judicial notice of the fact that Sergeant Todd is not medical personnel and as such his deference to Nurse Robinson's advise in response to Plaintiff's complaint that he could not perform extra work because of his back pain was appropriate. Plaintiff has not established that Sergeant Todd disregarded an excessive risk to his health or safety. Therefore, Plaintiff's claim that Sergeant Todd subjected him to cruel and unusual punishment is

4

dismissed for failure to state a claim for relief.

Plaintiff alleges that Nurse Robinson also subjected Plaintiff to cruel and unusual punishment. Plaintiff does not contest the fact that his medical file does not contain any medical restrictions that would have kept him from performing the work directed by Officer Todd.[1] Therefore, this Court finds no liability as to Nurse Robinson's statement that from a review of Plaintiff's medical file, she sees no reason he could not perform the work directed by Sergeant Todd.[2]

Plaintiff also alleges that Nurse Robinson was deliberately indifferent to his serious medical needs when she refused to provide him with temporary medical restriction until his back pain eased. A prisoner makes out a claim under the Eighth Amendment if he can establish that prison medical staff was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). In order to be deliberately indifferent, a defendant must know of and disregard an objectively serious condition, medical need or risk of harm. Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). Deliberate indifference may be demonstrated by either actual intent or reckless disregard. Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). Plaintiff alleges only that Nurse Robinson refused to provide him with temporary medical restriction. Clearly Plaintiff disagreed with Nurse Robinson's decision. However, disagreements between an inmate and medical staff do not

---

[1] The Court notes that Plaintiff was classified with a rating of all ones on his PULHEAT completed on March 13, 2009. "The one denotes that [Plaintiff] is limited in lifting 50 lbs. And pushing or pulling nothing over 100 lbs." See Plaintiff's Ex. 1-7 at 3. Such weight restrictions are not at issue in the instant case.

[2] While it does appear, from a review of Plaintiff's exhibits, that Plaintiff has been diagnosed with scolosis in the past, there does not seem to be any medical restrictions placed on Plaintiff with respect to work he was directed to perform on August 14 and 15, 2009 by Sergeant Todd.

5

state a cognizable claim for relief unless exceptional circumstances are alleged. Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975); Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Plaintiff has not alleged any exceptional circumstances. Therefore, Plaintiff's claim against Nurse Robinson is dismissed for failure to state a claim for relief.

**Due Process Claim**

Next, Petitioner contends that Ms. Hattie Pimpong and Mr. James Johnson violated his due process rights. The Supreme Court in Wolff v. McDonnell, 418 U.S. 539 (1974) held that when a liberty interest is at issue, certain procedural safeguards must be followed. The Supreme Court has gone on to state however, that not all punishment that a prisoner may receive is subject to the procedural safeguards of Wolff. Instead, a prisoner must establish that his punishment is "the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." Sandin v. Conner, 515 U.S. 472 (1995). The Court admitted that "prisoners do not shed all constitutional rights at the prison gate," Wolff, 418 U.S. at 555, but stated that "'lawful incarceration brings about the necessary withdrawal or limitations of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" Jones, 433 U.S. at 125, quoting Price v. Johnston, 334 U.S. 266 (1948). The Court concluded that "[d]iscipline by prison officials in response to wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." Sandin v. Conner, 515 U.S. 472, 485 (1995) (holding that segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest). The Court has also stated that a decision by a disciplinary board to revoke good-time credits passes scrutiny under the Due Process Claus if there is some evidence in the record to support the conclusions. Superintendent, Mass. Correctional Inst. v. Hill,

472 U.S. 445, 454 (1985). "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. Revocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence to support such a conviction, nor any other standard greater than some evidence applies in this context." Id. at 456 (internal citations omitted). Therefore, federal Courts will not review the entire record, weigh evidence or assess witness credibility. Id. at 455-56. A disciplinary board's findings will be disturbed only when unsupported by any evidence or wholly arbitrary and capricious. Id. at 457; see also Baker v. Lyles, 904 F.2d 925, 933 (4th Cir. 1990) (record of prison disciplinary hearing need not establish reliability of confidential informant to meet "some evidence" standard.)

Plaintiff's main argument that he believes supports his claim that his due process rights were violated is that there is evidence in his medical file that he was previously diagnosed with scolosis and such evidence supports his contention that he was not able to perform the work directed by Sergeant Todd on August 14 and 15, 2009. He further argues that if the disciplinary hearing officer had considered such evidence, he would not have been found guilty of violating a lawful order or sentenced to 60 days in segregation.

Although it appears that Plaintiff has not established a Wolff liberty interest, the Court will continue with its analysis in an abundance of caution. Assuming for the moment that Plaintiff has established that a liberty interest of the type discussed in Wolff is at stake, Plaintiff has received the due process to which he is entitled. Plaintiff concedes that his medical file does not contain any medical restriction due to his scolosis diagnosis. Therefore, even if Officer Johnson had allowed Petitioner's medical file into 'evidence," the file does not include any medical work restriction

7

precluding him from performing the work directed by Officer Todd. Therefore, the Court, as outlined in Superintendent, Mass. Correctional Institution v. Hill, that there was "some evidence" to support the decisions of the disciplinary officer in that the officer relied on Nurse Robinson's conclusion, after a review of Plaintiff's medical file, that there was no reason apparent from Plaintiff's medical file, that Plaintiff could not perform the work directed by Officer Todd. Id. at 454. Moreover, Plaintiff was given the benefit of a re-hearing at the direction of Defendant Hattie Pimpong. Petitioner was found guilty after the re-hearing.

After careful review of the Plaintiff's Complaint and the supporting documents, the undersigned finds that there is some evidence to support the hearing officer's decision of Plaintiff's guilt and as such Plaintiff received the due process to which he was entitled. Plaintiff has not established that either Defendants James or Defendant Pimpong violated his due process rights.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED that**

(1) Plaintiff's Motion for the Appointment of Counsel (Doc. No. 2) is Denied;

(2) Defendants Turner, McEntire and Harkleroad are dismissed;

(2) Plaintiff's Complaint against the remaining Defendants is dismissed for failure to state a claim for relief.

**SO ORDERED**.

Signed: December 14, 2009

Graham C. Mullen
United States District Judge